IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JOSEPH MUNCHINSKI, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> HARRY WILSON, Warden of State ) <br> Correctional Institute at Fayette; and ) <br> ATTORNEY GENERAL'S OFFICE OF ) <br> PENNSYLVANIA, ) <br> ) <br> Respondents. ) | Civil Action No. 2:07-CV-01712-LPL <br> Chief Magistrate Judge Lisa Pupo Lenihan |

## **MEMORANDUM OPINION**

### I. **BACKGROUND**

David Joseph Munchinski ("Petitioner") filed the instant second or successive habeas petition on December 15, 2007. (ECF No. 1). After a lengthy process, including transferring the petition to the Court of Appeals for the Third Circuit in order to receive permission to proceed, this Court granted relief on August 5, 2011. (ECF Nos. 80-82). The grant of the writ was conditioned on Petitioner being retried by the Commonwealth within 120 days; furthermore, it was ordered, explicitly, that notice of appeal from any party would result in a stay of that grant. (ECF No. 81 at 1). On September 2, 2011, Petitioner moved this Court to schedule a hearing on bond. (ECF No. 83). On the same day, Respondents filed a notice of appeal. (ECF No. 84). A hearing on bond took place on September 30, 2011.

### II. **LEGAL STANDARD**

"The federal court's authority to release a state prisoner on recognizance or surety in the course of a habeas corpus proceeding derives from the power to issue the writ itself." Marino v. Vasquez, 812 F.2d 499, 507 (9th Cir. 1987) (citing, United States ex rel. Thomas v. New Jersey,

1

472 F.2d 735 (3d Cir. 1973)(other citations omitted)). Rule 23 of the Federal Rules of Appellate Procedure controls the custody or release of a prisoner in a habeas corpus proceeding. Specifically:

> While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety.

Fed. R. App. P. 23(c). This language has been interpreted by the Supreme Court as creating a presumption in favor of the release of a habeas petitioner who has been granted relief pending appeal. Hilton v. Braunskill, 481 U.S. 770, 774 (1987). See also United States ex rel. Thomas v. New Jersey, 472 F.2d 735, 743 n.7 (3d Cir. 1973). A motion for release properly may be brought before the district court. See, e.g., Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997); Workman v. Tate, 958 F.2d 164, 167 (6th Cir. 1992).

The Supreme Court has balanced the above presumption of release against a five-factor test derived from the standard for granting a stay in a civil case.[1] Hilton v. Braunskill, 481 U.S. 770, 772 (1987) (assuming without discussion that Fed. R. App. P. 23(c) controls release pending appeal from denials of conditional relief orders). While the Court recognized that habeas cases vary significantly, and the rigid application of the standard for a civil stay is not entirely appropriate, it appeared to conclude that, as a general matter, the following five factors should be considered. They are: (1) whether the state has a strong likelihood of success on appeal; (2) absence of irreparable harm to petitioner; (3) risk of flight; (4) danger to the

---

[1] The factors for granting a civil stay are: (1) whether the stay applicant has made a strong showing that he will succeed on the merits; (2) whether the applicant will be irreparably injured by the lack of a stay; (3) whether the issuance of a stay will irreparably injure the other parties involved; and (4) the interest of the public. Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987) (citing cases).

2

community; and (5) impairment of rehabilitative process. Id. at 776-79. The balance may depend largely on the state's likelihood of success on appeal. Id. at 778. Additionally, the case for continued custody is strongest where the remaining portion of the sentence is long, and weakest where it is short. Id. at 777.

District courts within the Third Circuit have applied this test in cases where a petitioner seeks an order releasing him from state confinement. See Coss v. Lackawanna Cnty. Dist. Att'y, No. 94-1481, 2000 WL 1372871, at *3-*5 (M.D. Pa. Aug 23, 2000). This standard also has been applied when determining whether to grant a stay of the execution of a conditional grant of the writ pending appeal. See, e.g., Boyd v. Nish, No. 06-0491, 2007 WL 1866757, at *1 (E.D. Pa. June 27, 2007).

### III. DISCUSSION

Reviewing the factors, given this Court's opinion on the habeas petition, it is of the opinion that the Commonwealth does not have a strong likelihood of success on appeal. In addition, although the Court has stayed the grant of the petition for 120 days to allow a retrial, the key witness in the case is no longer alive, and all other evidence against Petitioner is purely circumstantial. It is the Court's opinion that the Commonwealth is not likely to prevail in a new trial.

Regarding the second factor, the harm to the Commonwealth is minimal. Should it succeed on appeal, Mr. Munchinski can be reincarcerated. Should it not be successful, however, the harm to Petitioner is grave in that he will be required to spend even more time incarcerated for a crime for which he should not have been convicted in the first place.

Regarding risk of flight and danger to the community, Petitioner is 59 years of age. He testified at the bond hearing and it was obvious to any observer that he is in extremely poor

health. He suffers from Parkinson's disease, ruptured discs in his cervical spine, degenerative disc disease, asthma, and a hernia. He testified that he suffers from back pain on a constant basis. He further testified that his Parkinson's disease causes speech difficulties, inability to move, restless syndrome (which was apparent on the witness stand) and the medications he takes for it cause insomnia and hallucinations. The testimony was supported by medical records from SCI-Fayettte, which were admitted into evidence without objection. He has been incarcerated for 25 years. The Court sees absolutely no flight risk and no danger to the community should Mr. Munchinski be released. He can remain subject to the jurisdiction of the state authorities via their parole system until this matter is concluded. Given the Court's conclusion on the underlying conviction, the final factor, rehabilitative process, appears to be moot.

The Commonwealth offered no testimony to rebut the presumption in favor of release.

For all of these reasons, Petitioner will be released pending the appeal. An Order of Court will follow.

BY THE COURT:

LISA PUPO LENIHAN
Chief United States Magistrate Judge

Dated: September 30, 2011